Nery Rolando GONZALEZ, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–70477.
INS No. A76–458–676.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 22, 2003.

Before BEEZER, KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM **

Nery Roland Gonzalez, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence and must uphold the BIA's determination unless the evidence compels a contrary result. *Cruz–Navarro v. INS,* 232 F.3d 1024, 1028 (9th

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cir.2000). We deny the petition for review.

Gonzalez testified that his uncle Juan Ramirez was a former member of the national police and, on one occasion, guerillas asked Gonzalez where his uncle was and beat him up when he did not tell them. Gonzalez also testified that, since he left Guatemala, his brother and cousin have been killed. However, he had little information on the circumstances of his relatives' deaths and offered no objective evidence that either of the murders was committed by guerillas or motivated by the victim's relationship to Ramirez. Gonzalez also testified that Ramirez still resides in the town in which he had worked as a police officer, and he presented no evidence that Ramirez himself has ever been harmed by guerillas.

This evidence does not compel the conclusion that Gonzalez was persecuted or had a well-founded fear of future persecution on account of imputed political opinion or membership in a particular social group. *See, e.g., id.,* 232 F.3d at 1029–30 (alleged persecution of petitioner based on his status as police officer did not imply guerillas imputed political beliefs to petitioner); *De Valle v. INS,* 901 F.2d 787, 791 (9th Cir. 1990) (petitioner's status as wife of military deserter did not demonstrate that any political belief imputed to her husband would in turn be imputed to her); *Arriaga–Barrientos v. INS,* 937 F.2d 411, 414 (9th Cir.1991) (unexplained murders of petitioner's brothers did not support well-founded fear of persecution); *Aruta v. INS,* 80 F.3d 1389, 1392, 1395 (9th Cir.1996) (denying asylum where petitioner's sister contin-

ued to reside unharmed in the "same zone of danger").

It follows that Gonzalez did not satisfy the more stringent standard for withholding of removal. *See Cruz–Navarro,* 232 F.3d at 1031.

PETITION FOR REVIEW DENIED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Gonzalez–Batres's request for oral argument is denied.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.